The Honorable Gordon Webb Prosecuting Attorney P. O. Box 483 Harrison, Arkansas 72601
Dear Mr. Webb:
This is in response to a request for an opinion submitted by Deputy Prosecuting Attorney Gary Isbell regarding A.C.A.14-14-1202(3)(a) (Supp. 1987). Mr. Isbell's question arises from the County's award of an insurance contract to the County Treasurer's husband following a bid process. He has asked whether14-14-1202(3)(a) controls the official interest of the county officer, or the officer's non-official interest (marital, blood relationships, etc.), or both.
It should be initially noted that the fact that a bid process was followed is not dispositive for purposes of a review under A.C.A.14-14-1201(3)(a). Nor is there necessarily an exception to A.C.A.14-14-1202(1) relating to a bid process. Even a bid process offers the potential for behavior contrary to 14-14-1202(1), which provides as follows:
 Public Trust. The holding of public officer (office) or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use their office, the influence created by their official position, or information gained by virtue of their position, to advance their individual, or an immediate member of their family, or an associate's personal economic interest, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A bid process does conceivably offer a defense under 14-14-1202(1) premised upon the asserted absence of conduct contrary to that provision which involves use of the office, the influence created by the official position, or information gained by virtue of the position. The success of such a defense would, of course, depend upon the particular facts involved.
However, of greater significance in this instance is the fact that a violation of the "Rules of Conduct" set forth under14-14-1202(3) may occur regardless of whether or not the contract was awarded through a bid process. 14-14-1202(3)(a) is not premised upon the county officer's use of his or her position to advance an economic interest. Rather, it focuses upon proscribing an officer's direct or indirect interest "in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county." 14-14-1202(3)(a) goes on to state, moreover, that the officer shall not ". . . accept or receive any property, money, or other valuable thing, for their use or benefit on account of, connected with or growing out of any contract or transaction of a county."
It must be concluded, in response to the specific question posed, that 14-14-1202(3)(a) controls and proscribes any interest of the county officer, whether it arises from the officer's use of his or her position to influence the award of the contract, or from a personal interest or relationship.
In this instance, whether the County Treasurer would be deemed to have a direct or indirect interest in the insurance contract simply by virtue of her husband's receipt of that contract is essentially a question of fact which this office cannot answer. However, the language of 14-14-1202(3)(a) with respect to accepting or receiving property or money "on account of, connected with or growing out of any contract or transaction of the county" must also be considered. While resolution of this question will of course also ultimately turn on the particular facts involved, it may be reasonable to conclude that these facts will reveal the Treasurer's receipt of "property, money, or other valuable thing" as a result of the contract.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
cc: Mr. Gary Isbell Deputy Prosecuting Attorney P. O. Box 176 Yellville, Arkansas 72687